UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                          )
LINDA KAGER,                              )
                                          )   No. C04-1858L
                    Plaintiff,            )
         v.                               )
                                          )
JO ANNE B. BARNHART,                      )   ORDER AFFIRMING DECISION
                                          )   OF COMMISSIONER OF SOCIAL
                    Defendant.            )   SOCIAL SECURITY
_____)

This matter comes before the Court on the Report and Recommendation of the Honorable Monica J. Benton, United States Magistrate Judge, and plaintiff's objections thereto. Having reviewed the administrative record ("Tr.") and the remainder of the record, the Court finds as follows.

The Commissioner's decision must be affirmed if it is based on the proper legal standards and the findings are supported by substantial evidence in the record as a whole. Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993); Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). See also Magallanes v. Brown, 881 F.2d 747, 750 (9th Cir. 1989). If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the Court may not substitute its judgment for that of the Commissioner; in those circumstances,

ORDER AFFIRMING DECISION
OF COMMISSIONER

the Commissioner's conclusion must be upheld. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995). The reviewing court may not reweigh the evidence in the record, try issues *de novo*, or substitute its judgment for that of the Commissioner. Brown v. Apfel, 192 F.3d 492, 496 (5th Cir. 1999). If the benefits determination is based on legal error or is not supported by substantial evidence in the record, however, the Court will set aside the Commissioner's denial of Social Security insurance benefits. 42 U.S.C. § 405(g); Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The Court adopts Magistrate Judge Benton's summary of the facts and procedural background, and her analysis and conclusions regarding the Administrative Law Judge's ("ALJ") consideration of plaintiff's credibility, the lay witnesses' statements and testimony, plaintiff's past relevant work, and the alleged violations of SSR 83-20 and SSR 96-8p. The Court writes this opinion to address plaintiff's arguments regarding the ALJ's evaluation of the medical evidence.

Plaintiff argues that the ALJ rejected the opinions of all her examining and treating physicians in favor of testimony from testifying expert Dr. Richard Knudson.[1] A review of the decision, however, does not support her contentions that the ALJ relied solely on Dr. Knudson's opinion or ignored all the rest of the medical evidence. Instead, the ALJ extensively analyzed the medical record and gave specific reasons for the weight he gave each physician's opinion, including the fact that many of the opinions did not address Ms. Kager's condition before her

---

[1] Dr. Knudson reviewed the claimant's complete medical record and testified during the hearing that he found no evidence of spinal cord compression or myelopathy, although recent car accidents had left moderately severe degenerative disc impairments in the cervical spine. Tr. 707-09. He found no evidence of severe mental impairments, and ruled out thoracic outlet syndrome and carpal tunnel syndrome.

ORDER AFFIRMING DECISION
OF COMMISSIONER                    -2-

date last insured.[2]  Tr. 25-28.  The ALJ also rejected some of the medical opinions as unsupported by clinical findings.  Tr. 25 (rejecting Dr. Blaski's opinion as brief, conclusory, and unsupported); Tr. 27 (rejecting Dr. Chymiy's opinion of disability as inconsistent with other medical evidence and unsupported by clinical findings). Similarly, the ALJ rejected Dr. Cawthorn's diagnosis of thoracic outlet syndrome because that diagnosis "was apparently prepared on a check-box form for a reduction in property tax, and is not supported by clinical findings or specific limitations."  Tr. 26; see also Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (explaining that an ALJ can reject the opinion of a treating physician that is "brief and conclusory with little in the way of clinical findings to support its conclusions") (internal citation and quotation omitted).

Furthermore, the ALJ explained that Dr. Knudson's opinion was consistent with other evidence in the record, including the lack of objective findings to support some of the claimant's alleged impairments.  Tr. 578-79; see also Tr. 239 (Dr. Herring conducted somatosensory potential studies and found no evidence of neurogenic thoracic outlet syndrome); Tr. 223, 687 (UW Pain Clinic physician James Robinson was "unable to find any clear-cut abnormalities that correspond to the patient's hand pain and general lower extremity weakness").[3]  This case,

---

[2] The ALJ noted that Dr. Holman, who diagnosed cervical myelopathy, examined plaintiff in February 2003, over three years after her date last insured. Tr. 28. Dr. Holman did not opine about the claimant's condition during the relevant time. Similarly, the ALJ found that Dr. Suh's opinion did not support a finding of a severe depressive disorder as alleged because Dr. Suh found that the claimant's depressive symptoms were significant only for the prior year and a half, which was after the relevant period of time. Tr. 28; see also Tr. 580 (ALJ from second hearing noting that Dr. Eisenhauer and Dr. Goldberg reviewed the medical evidence in July 2000 and concluded that the medical evidence was insufficient to determine the existence of any mental impairment).

[3] The ALJ noted that Dr. Cawthorn found evidence of carpal tunnel syndrome based on nerve conduction tests. Tr. 319. The ALJ credited Dr. Knudson's testimony in finding insufficient evidence of carpal tunnel syndrome because of the lack of electrodiagnostic criteria, and because he gave no weight to Dr. Cawthorn's opinion as inconsistent with his notes that plaintiff had no significant difficulty with motor use of her hands. Tr. 26. Substantial evidence supports the ALJ's finding regarding carpal tunnel

ORDER AFFIRMING DECISION
OF COMMISSIONER                    -3-

therefore, is much more like Magallanes than Lester, on which plaintiff relies. Compare Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (explaining that the "opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician") with Magallanes, 881 F.2d at 751-55 (ALJ did not err in rejecting the opinion of a treating physician based on a non-examining physician's opinion, laboratory tests, contrary reports from other physicians, and contradictory testimony from plaintiff). The Court finds that the ALJ gave specific, legitimate reasons supported by substantial evidence for the weight he gave each physician's opinion. The Court also finds that Dr. Knudson's opinion constituted substantial evidence in light of his expertise, his thorough review of years of medical records, and the fact that it was consistent with other record evidence. See Magallanes, 881 F.2d at 752. The ALJ therefore did not err in evaluating the medical evidence.

For all of the foregoing reasons and for the additional reasons set forth in Magistrate Judge Benton's Report and Recommendation, the decision of the Commissioner of the Social Security Administration is AFFIRMED.

DATED this 4th day of November, 2005.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

syndrome.

ORDER AFFIRMING DECISION
OF COMMISSIONER                              -4-